**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-10-01362-002-PHX-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| Louis Clare Burnette, | |
| Defendant. | |

Before the Court is Defendant Louis Clare Burnette's ("Defendant") Motion for Compassionate Release. (Doc. 98.) For the reasons stated below, the Motion is denied.

**BACKGROUND**

On September 21, 2010, a grand jury returned an indictment against Defendant and a co-defendant, charging Defendant with first degree murder and possession of a dangerous firearm during a crime of violence resulting in death. (Doc. 11.) Defendant pled guilty to a charge of Accessory After the Fact in Violation of 18 U.S.C. § 1153. (Doc. 78.) In March 2011, he was sentenced to 180 months in Prison with three years of supervised release to follow. (Doc. 79.) Defendant is presently in federal custody at FCI-Sheridan. (Doc. 98 at 1.)

Defendant filed the instant motion for compassionate release on August 10, 2020. (Doc. 98.) Four days later, the Federal Public Defender's Office filed a notice regarding Defendant's Motion pursuant to General Order 20-28, requesting appointment of the

Federal Public Defender or one of his assistants to assist Defendant with his request for sentence reduction. (Doc. 100.) Counsel was appointed, and subsequently notified the court that Defendant would not file an amended motion. (Doc. 105.)

## DISCUSSION

### I.     Legal Standard

Compassionate release is governed by 18 U.S.C. § 3582(c), as amended by the First Step Act of 2018. Pub. L. No. 115-391, 132 Stat. 5194, at 5239-40 (2018); *see United States v. Tsosie*, No. CR940003101PCTDGC, 2020 WL 3268694, at *1 (D. Ariz. June 17, 2020) ("The First Step Act amended § 3582(c) to permit motions for compassionate release by prisoners," rather than only the Prison Director). Amended § 3582(c) provides:

> (A) the court, upon motion of the Director of the [BOP], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment ... after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that –
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c). Although § 3582(c) does not define "extraordinary and compelling reasons," the Sentencing Commission has identified four categories that may qualify: serious medical conditions, advanced age, family circumstances, and a catch-all "other reasons." U.S.S.G. § 1B1.13, application note 1(A)-(D); *see United States v. Esparza*, No. 17-cr-1101-JAH, 2020 WL 2838732, at *2 (S.D. Cal. June 1, 2020).[1] Specifically, the commission contemplated a medical condition from which the defendant is not expected to recover—one that "substantially diminishes the ability of the defendant to provide self

---

[1] Though, by its terms, the current policy statement applies to motions for compassionate release filed by the BOP Director, it does provide helpful guidance given the commission has not amended the statement since the FSA was enacted or adopted a new policy statement applicable to motions filed by defendants. U.S.S.G. § 1B1.13; *see United States v. Beck*, 425 F. Supp. 3d 573, 579 (M.D.N.C. 2019) (citing *United States v. Gross*, No. 2:04-CR-32-RMP, 2019 WL 2437463, at *2 (E.D. Wash. June 11, 2019)).

care within the environment of a correctional facility." U.S.S.G. § 1B1.13, application note 1(A) (providing as examples terminal illness, deteriorating physical or mental health, and serious cognitive impairment).

## II.     Analysis

BOP medical records show that Defendant suffers from obesity and diabetes. (Doc. 105-1). This combination of medical conditions would increase his risk if he were to contract COVID-19. *See United States v. Johnson*, No. 3:18-CR-00162 (MPS), 2020 WL 4449797, at *2 & n.4 (D. Conn. Aug. 3, 2020) ("According to the Centers for Disease Control and Prevention ('CDC'), 'people of any age with certain underlying medical conditions are at increased risk for severe illness from COVID-19.' Obesity . . . is one of these underlying medical conditions.") (quoting CDC, Coronavirus Disease 2019, People with Certain Medical Conditions); *United States v. Connell*, No. 18-CR-00281-RS-1, 2020 WL 2315858, at *6 (N.D. Cal. May 8, 2020) (explaining that the CDC as well an independent study had recognized that "[o]lder persons, men, and those with pre-existing hypertension and/or diabetes" were the most prevalent among hospitalized COVID-19 patients"). But Defendant has not shown that he is at a significant risk of contracting COVID-19 while detained at FCI-Sheridan. As of November 3, 2020, only five inmates—out of a total population of 1,446—have tested positive for COVID-19 at FCI-Sheridan. *See* Federal BOP, COVID-19 Cases, https://www.bop.gov/coronavirus/index.jsp (FCI-Sheridan); Federal BOP, FCI-Sheridan, https://www.bop.gov/locations/institutions/she/ (last visited Nov. 3, 2020). Neither Defendant's reference to the worldwide infection rate and statistics about outbreaks in federal prisons as a whole nor his assertions that COVID-19 infections at FCI-Sheridan are underreported establish individualized risk. (Doc. 98 at 1–2.)

Defendant's general concern about possibly contracting the virus is not analogous to the Commission's articulated criteria for compassionate release. See *United States v. Hays*, No. CR 18-00088-KD-N, 2020 WL 1698778, at *3 (S.D. Ala. Apr. 7, 2020) ("Hays' concerns about contracting Covid 19 and her belief that her conditions of confinement are

not sanitary and would not protect her from the virus, are not comparable or analogous.") "Courts have found general concerns about possible exposure to COVID-19 'do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence set forth in the Sentencing Commission's policy statement.'" *United States v. Atari*, No. 2:17-CR-00232-JAM, 2020 WL 2615030, at *2 (E.D. Cal. May 22, 2020) (internal citations omitted); *see United States v. Partida*, No. CR-17-08260-001-PCT-DGC, 2020 WL 3050705, at *6 (D. Ariz. June 8, 2020) (same). The Court finds that Defendant has not established extraordinary and compelling reasons for compassionate release under 18 U.S.C. § 3582(c).

## CONCLUSION

For the reasons set forth above, the motion for compassionate release is denied because Defendant has not demonstrated an extraordinary or compelling reason for his release.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Compassionate Release (Doc. 98) is **DENIED.**

Dated this 9th day of November, 2020.

*G. Murray Snow*
G. Murray Snow
Chief United States District Judge